**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARKELITO SAINT HUBERT,

    Plaintiff,

v.                            CASE NO.: 8:23-cv-02799-CEH-NHA

GULF HOSPITALITY MANAGEMENT, LLC,

    Defendant.

**DEFENDANT'S MOTION FOR THE CLERK TO TAX COSTS WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS**

Defendant, Gulf Hospitality Management, LLC, by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure hereby files this Motion for Attorney's Fees and Costs with Incorporated Memorandum of Law in Support of Defendant's Bill of Costs. Defendants Bill of Costs is attached hereto as "Exhibit A." In support of its Motion, Defendant states as follows:

1. On July 14, 2025, the Court granted Defendant's Motion for Summary Judgment and directed the Clerk to enter judgment in favor of Defendant Gulf Hospitality Management, LLC and against Plaintiff Markelito Saint Hubert. (ECF No. 50).

1

2.      On July 15, 2025, in compliance with the Court's July 14, 2025 Order, the Clerk entered Final Judgment in favor of Defendant and against Plaintiff. (ECF No. 52).

3.      As the prevailing party, Defendant is entitled to an award of costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 7.3(c).

4.      Defendant's Bill of Costs calls for an amount of $4,426.89 to be taxed by the clerk against Plaintiff. All costs articulated therein are within the contemplation of 28 U.S.C. § 1920.

## MEMORANDUM IN SUPPORT OF BILL OF COSTS

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Rule 54(d)(1) provides a "strong presumption" in favor of awarding costs to the prevailing party. *Matthews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007). Furthermore, the non-prevailing party bears the burden of demonstrating that the costs alleged by the prevailing party are not taxable. *Monelus v. Tocodrian, Inc.,* 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

Federal Statute, 28 U.S.C. § 1920, sets forth the items that can be taxed as costs against the non-prevailing party. These include:

(1)     Fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and the costs of making copies of any

          materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In order to recover the aforementioned costs, Petitioner must 1) be a prevailing party; 2) show that the costs are recoverable under 28 U.S.C. § 1920; and 3) provide sufficient documentation regarding the costs.

    Here, Defendant seeks the following costs: (1) the reporting cost incurred for taking Plaintiff's deposition, (2) the cost incurred for conducting mediation that resulted in impasse, and (3) the costs incurred for obtaining the deposition transcripts of Plaintiff, Jacqueline Duchene, James McKenna, and Travis Johnson that were needed to prepare its Motion for Summary Judgment. *See* Exhibit 1. All of these costs fall within taxable costs identified in 28 U.S.C. § 1920(2).

    WHEREFORE, Defendant respectfully requests that the Court grant its Motion and tax $4,426.89 in costs incurred by Defendant in successfully litigating this case.

## LOCAL RULE 3.01(g) CERTIFICATION

    Pursuant to Local Rule 3.01(g), the undersigned communicated with Plaintiff via email on July 28 and 29, 2025 regarding its position. The Plaintiff has indicated that he is opposed to Defendant's Motion for Clerk to Tax Costs.

Dated this 29th day of July, 2025.

                                               **FORDHARRISON LLP**

By:   */s/ Tracey K. Jaensch*
Tracey K. Jaensch, B.C.S.
Florida Bar No. 907057
tjaensch@fordharrison.com
Christopher C. Johnson, Esquire
Florida Bar No. 105262
cjohnson@fordharrison.com
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

***Attorneys for Defendants***

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to counsel of record:

Brandon J. Gibson, Esq.
KELLERGIBSON, PLLC
3800 Inverrary Blvd., Suite 400D
Lauderhill, Florida 33319
bgibson@kellergibson.com

                            */s/ Tracey K. Jaensch*
                            Attorney