UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARKELITO SAINT HUBERT,

    Plaintiff,

v.                                   Case No: 8:23-cv-2799-CEH-NHA

GULF HOSPITALITY MGMT., LLC,

    Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff Markelito Saint Hubert's Motion for Reconsideration (Doc. 58), filed *pro se*. Defendant Gulf Hospitality Management, LLC, has responded in opposition (Doc. 59).

Upon review and full consideration, and being duly advised in the premises, the Court finds that the motion is due to be granted-in-part and denied-in-part. It is due to be denied to the extent it requests relief from the final judgment entered against Plaintiff, but granted to the extent that Plaintiff's time to file a notice of appeal from that judgment will be extended for an additional fourteen days from the date of this Order.

## BACKGROUND

Plaintiff, while represented by counsel, initiated this employment discrimination action on December 7, 2023. Doc. 1. On July 15, 2025, the Court

entered judgment against Plaintiff and in favor of Defendant, after granting Defendant's motion for summary judgment the previous day. Docs. 50, 51.

On August 22, 2025, Plaintiff filed a pro se motion seeking to extend the time to appeal or to vacate the order granting summary judgment. Doc. 58. He expressed dissatisfaction with his attorney on several grounds, including that counsel had purportedly failed to keep him apprised of case updates or respond to Plaintiff's requests. *Id.* at 1-2. "A few days" after the Court entered judgment against Plaintiff, Plaintiff asserts that his attorney left him "a vague voicemail" that "failed to provide formal notice or guidance," then ignored Plaintiff's subsequent emails requesting information or a meeting. *Id.* at 2. Plaintiff only learned about the judgment against him and the appeal deadline by reviewing the case docket himself. *Id.* As a result, he asks the Court to reconsider its judgment and reopen the case, or grant an extension of the time to file a notice of appeal. *Id.* at 2.

Defendant opposes either form of relief. Doc. 59. Defendant first argues that Plaintiff has not established the existence of excusable neglect. *Id.* at 1-3. Defendant notes that Plaintiff admits his attorney left him a voicemail about the entry of judgment, and argues that, in any event, his attorney's knowledge is imputed to Plaintiff. *Id.* at 2. Defendant also contends that there is no basis to reconsider the judgment against Plaintiff. *Id.* at 3-5. Plaintiff has failed to establish the extraordinary circumstances necessary for relief under Fed. R. Civ. P. 60(b)(6), instead describing run-of-the-mill disputes with counsel that Plaintiff could have addressed by finding a new attorney at an earlier time. *Id.* at 4-5.

DISCUSSION

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a party in a civil case must file a notice of appeal within 30 days after entry of the judgment being appealed. The district court may extend the time to file a notice of appeal if the party files a motion no later than 30 days after the original deadline expires, as long as the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). If a notice of appeal is not timely filed pursuant to these rules, the appellate court is without jurisdiction to hear the appeal. *See Pinion Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991).[1]

The good cause and excusable neglect standards are distinct. *See* Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendment. The good cause standard "applies in situations in which there is no fault—excusable or otherwise," where "the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.* When evaluating the excusable neglect standard, courts should consider "all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in

---

[1] Plaintiff also cites Fed. R. App. P. 4(a)(6), which permits the district court to reopen the time to file an appeal if the movant did not receive timely notice of the entry of judgment under Fed. R. Civ. P. 77(d), which requires the clerk to serve notice of an entry of judgment "immediately" after it occurs. This provision is inapposite here, however, as the judgment was electronically served on Plaintiff's attorney of record in accordance with Rule 77(d).

good faith." *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996), quoting *Pioneer Svcs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (modifications adopted). Of these factors, a court must award "primary importance" to the absence of prejudice to the non-moving party and to the interest of efficient judicial administration. *Advanced Estimating System*, 77 F.3d at 1325.

Here, whether Plaintiff's motion is evaluated under a good cause or excusable neglect standard, the relevant circumstances support granting it and providing additional time to file a notice of appeal. "[O]f primary importance" is the fact that Defendant has not identified any prejudice that it will suffer if the Court grants Plaintiff's motion. *See id.* Nor is prejudice likely to occur where Plaintiff moved for additional time just one week after the expiration of the original deadline. For the same reason, there is likely to be little, if any, negative impact on judicial proceedings. The Court makes no findings in this Order regarding Plaintiff's allegations about his attorney's conduct and whether, for the purposes of a good cause or excusable neglect analysis, any fault lies with Plaintiff or his attorney. But there is no evidence of bad faith on Plaintiff's part, and he offers a rational explanation for the short delay. Accordingly, pursuant to Fed. R. App. P. 4(a)(5)(C), the Court will extend the deadline to file a notice of appeal to the latest date permitted: fourteen days from the date of this Order.

However, Plaintiff has not established a basis for relief from the final judgment. Federal Rules of Civil Procedure 60(b)(1) and (6) permit the Court to vacate a judgment due to, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect"; or

"any other reason that justifies relief." Excusable neglect has the same meaning in this context as it does in Fed. R. App. P. 4(a). *See Advanced Estimating System*, 77 F.3d at 1324. In this context, however, the relief Plaintiff seeks—vacating an entry of summary judgment that resolved this case nearly two months ago—is likely to prejudice Defendant and negatively impact judicial administration. *See id.* at 1325. Plaintiff's allegations about his attorney are entirely unsupported, and are inadequate to justify the magnitude of the relief he seeks. Therefore, he has not established his entitlement to relief under Rule 60(b)(1) or (6).

Accordingly, it is **ORDERED**:

1. Plaintiff Markelito Saint Hubert's Motion for Reconsideration (Doc. 58) is granted-in-part and denied-in-part.

   a. The motion is granted to the extent that Plaintiff's deadline to file a notice of appeal will be extended for an additional FOURTEEN (14) DAYS from the date of this Order.

   b. The motion is otherwise denied.

2. The Clerk is directed to mail a copy of this Order to Plaintiff at the address listed on the docket, to the extent he is proceeding pro se.

**DONE** and **ORDERED** in Tampa, Florida on September 9, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties

5